## Case No. 6,110a.

### In re HARRIS.

[See Case No. 6,110.]

---

## Case No. 6,111.

### In re HARRIS et al.

[6 Ben. 375.] [1]

District Court, E. D. New York. Feb., 1873.

PROCEEDINGS IN DIFFERENT DISTRICTS.

A firm was adjudged bankrupt, on petition of creditors, without opposition, the warrant was delivered to the marshal, a meeting of creditors was held, and an assignee chosen, who entered on his duties. Thereafter, one of the creditors applied to set aside all the proceedings as irregular, under the 16th general order, because he had, previous to the filing of this petition against the bankrupts, filed a petition against them in another district: *Held*, that the proceedings in this court were regular, notwithstanding the prior filing of the other petition, and that there was no ground for setting them aside.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In bankruptcy. In the matter of William Harris & Co.]

BENEDICT, District Judge. This is a motion by a creditor to set aside the proceedings which have been had in this case. It appears that certain creditors of the firm of Harris & Co. duly filed their petition in this court, within whose jurisdiction the majority of the members of the firm reside, asking that said firm be adjudged bankrupts by this court. Upon the return of the order to show cause, no opposition being made, the firm proceeded against was adjudged bankrupt by this court, and a warrant duly issued to the marshal. Afterward, a meeting of creditors was held, at which an assignee was duly chosen, who thereafter entered upon his trust.

It is not doubted that this court had jurisdiction to entertain the petition and make the adjudication of bankruptcy. No objection whatever is made to the assignee chosen by the creditors; and, upon their face, all the proceedings taken in this court were regular. The attention of the court was in no way called to the ground of the complaint made by the party here moving, until after the adjudication had been made, and the assignee chosen by the creditors had entered upon his duties.

In this position of the case, one of the creditors appears before the court and shows that, prior to the filing of the petition in this court, he had filed a petition in the Southern district of New York, to have the same firm which, as is alleged, did business in the Southern district, there adjudged bankrupt, to which petition an answer has been filed, and the issues so raised are there pending, undecided and untried.

Upon these facts, it is now claimed by the said creditor that all the proceedings in this court should be set aside as irregular, because of the 16th general order. If this motion had been made or a stay applied for before the adjudication of bankruptcy had been made and an assignee elected, the way to relief would have been easy. And if it were now suggested, that any creditor had suffered detriment in the election of an improper assignee, prompt relief in that regard would be afforded; but, in the absence of any other fact than the mere pendency of a prior petition in another district, which is there being contested, it appears to me that it would be worse than useless to set aside these proceedings, and turn the creditors of this firm over to try the question of its bankruptcy upon another contested petition. No possible benefit to any one from such a course has been suggested on this motion.

I should, therefore, upon the papers before me, deny the motion as needless, even if it appeared that the adjudication was irregular because a prior petition was pending in another district; but I do not see how

the proceedings here can be said to be irregular. General order 16 does not prevent a creditor from taking an adjudication by default, because some prior proceeding, instituted by another creditor, is in another district being defended. The 42d section of the act [of 1867 (14 Stat. 537)] requires the court, upon default, to pronounce an adjudication, and forthwith issue the warrant; and general order 16, while it declares that proceedings on a second petition may be stayed, also declares that the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same be closed.

Here an adjudication was made without any application for a stay, and without any objection by any party, and it must be considered to have been regularly made. I regret that no application for a stay was presented to me before an adjudication had been entered and the title of the assignee become fixed, as then all possibility of confusion could have been avoided; but in the present state of the case, after an adjudication made, no ground for setting aside the proceedings is afforded.

The motion must, therefore, be denied, for the reason above stated, without considering the effect of the conceded fact that the petition filed by the party here moving cannot be heard in the Southern district, because of the pendency there of a petition still prior to his, also unheard. The motion is accordingly denied.

[In Case No. 6,112 a discharge of the bankrupt was decreed from the Southern district of New York.]